STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Allen }
and Debra Moore }
} Docket No. 38-2-00
} Vtec
}
}
}

Decision and Order on Cross-Motions for Summary Judgment

Appellants appealed from a decision of the Development Review Board (DRB) of the Town of Ludlow denying their application to convert a single-family home to a single-family home with in-law apartment[1]. Appellants are represented by Matthew T. Birmingham, III, Esq.; the Town is represented by J. Christopher Callahan, Esq. The parties have filed cross-motions for summary judgment on whether the Zoning Regulations require an additional 40,000 square feet of lot area for conversion of a single-family dwelling to a two-family dwelling (or to a single-family dwelling with in-law apartment).

The following facts are undisputed unless otherwise noted.

In 1993 Appellants purchased a parcel of land greater than 40,000 square feet in area and less than 80,000 square feet in area, in the Lake zoning district of the Town of Ludlow, with a single-family, three-bedroom dwelling. In 1993, they installed a kitchen and bedroom in the downstairs of the dwelling. The parents of one of the Appellants live year-round in the downstairs of the dwelling; the upstairs is used as a vacation home by Appellants. Neither portion has ever been rented out as a separate unit.

Although the application appears to have been for a single-family dwelling with an in-law apartment, required by 24 V.S.A. ' 4406(4)(D) to be allowed as a conditional use in any district in which a single-family use is allowed, the DRB rejected it on the grounds that it was a two-family dwelling without 80,000 square feet of minimum lot area.

Two issues arise from this case, although both parties have only focused on the lot area minimum. The parties did not address whether the DRB should have considered this application as an accessory in-law

apartment under 24 V.S.A. ' 4406(4)(D). That statutory section requires that the single family residence, to which the in-law apartment is accessory, be occupied by the owner. The statute is silent, however, as to whether it must be occupied by the owner as a year-round residence or whether it falls within the provision even if the owner uses it only as a vacation home. The Court should not address an issue which the DRB has not first had the opportunity to address; therefore we note only that the question is an open one, and that Appellants are free to submit it to the DRB for consideration as an alternate ground for their application.

Regarding the lot area minimum, the Town interprets the lot area minimum as requiring the specified lot area per dwelling unit, while Appellants interpret the requirement as the minimum lot area for any allowed use in the district.

Section 620.3, captioned A Dwellings on Lots,@ provides that A there shall be only one residential building on a lot@ (unless otherwise approved as a Planned Residential Development or a Planned Unit Development). The Lakes zoning district standards (' 530) provide that a A One Family Dwelling@ is a permitted use, and that a A Residence with Professional Office@ and a A Two Family Dwelling@ are conditional uses in the district. All three of those use categories are A residential@ as opposed to A non-residential@ types of uses. The A Lot Area Minimum@ for the Lakes district is 40,000 square feet, and does not distinguish between types of residential uses or between residential and non-residential uses. In several other zoning districts, the lot area minimum distinguishes between types of residential uses or between residential and non-residential uses. For example, in the Town Residential district and the Mountain Recreation district, the A Lot Area Minimum@ is 40,000 square feet for residential uses and 80,000 square feet for non-residential uses. In the Town Residential-Commercial district, the only district in which multiple (more than two-family) family dwellings are allowed, the Lot Area Minimum is 40,000 square feet for a one- or a two-family dwelling, and an additional 20,000 square feet for each dwelling unit (that is, a minimum of 60,000 square feet) for multi-family buildings after the first two dwelling units.

Nothing in the Zoning Regulations[2] requires that the minimum lot area in ' 530 be applied on a > per dwelling unit= basis unless it is so specified. Rather, the ordinary principles of statutory construction suggest that in the district in which the Town wished to apply a minimum lot area per dwelling unit, the Zoning Regulations do so

explicitly. In the other districts, including the Lakes district, the minimum lot area for residential uses must be interpreted to be per residential use, which ' 620.3 requires in a single building, and not per dwelling unit.

Accordingly, based on the foregoing, Appellants= Motion for Summary Judgment is GRANTED and the Town= s Motion for Summary Judgment is DENIED. Under the language of the Zoning Regulations, Appellants may maintain a two-family dwelling in a single building on their lot in the Lakes district without violating the minimum lot size provisions of the ordinance. This decision and order concludes the appeal.

Done at Barre, Vermont, this 6th day of April, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1.]    Both parties' motions pose the issue in this case as conversion from a single family dwelling to a two-family dwelling; however, the DRB decision, 'Introduction' paragraph 2, describes it as an "application for a single family with in-law apartment."

[2.]    The statement in the definition of dwelling unit, that each is a separate unit for the purpose of calculating density, does not change the fact that some districts specify a density (number of units per lot area) and other districts only specify a minimum lot size for the single residential building allowed per lot.